UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JAMES LALL, | Case No. 3:16-cv-00469-MMD-VPC |
|---|---|
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, *et al.*, | |
| Respondents. | |

This represented habeas matter under 28 U.S.C. § 2254 comes before the Court for initial review of the amended petition (ECF No. 6) under Rule 4 of the Rules Governing Section 2254 Cases (the "Habeas Rules") and on petitioner's motion for appointment of counsel (ECF No. 7).

On the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.1965).

The Court does not find that the interests of justice require that counsel be appointed in this case. The issues do not appear to be unduly complex; petitioner had the assistance of counsel on both direct appeal and in the state post-conviction proceedings to develop his claims; and petitioner has demonstrated an adequate ability to articulate the claims *pro se* in federal court with the resources available to him. From a preliminary review, it does not appear at this juncture that an evidentiary hearing necessarily will be required as to either the merits or a procedural defense. While almost any lay litigant perhaps would be better served by the appointment of counsel, that is not the standard for appointment. The motion presented does not lead to a contrary finding by the Court. The motion therefore will be denied.

Following initial review of the amended petition, the Court will direct a response.

It is therefore ordered that petitioner's motion for appointment of counsel (ECF No. 7) is denied.

It further is ordered that the Clerk of Court informally electronically serve the Nevada Attorney General with a copy of the amended petition and this order, along with regenerated notices of electronic filing of the remaining filings herein.

It further is ordered that respondents will have sixty (60) days from entry of this order within which to respond to the petition, as amended. Any response filed must comply with the remaining provisions below, which are tailored to this particular case based upon the Court's screening of the matter and which are entered pursuant to Habeas Rule 4.[1]

It further is ordered that any procedural defenses raised by respondents in this case must be raised together in a single consolidated motion to dismiss. In other words, the Court does not wish to address any procedural defenses raised herein either in *seriatum* fashion in multiple successive motions to dismiss or embedded in the answer.

---

[1] In responding, respondents further should note with regard to timeliness at least of the claims asserted originally herein that the original petition appears to have been mailed for filing in July 2016.

Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

It is further ordered that, in any answer filed on the merits, respondents will specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that respondents must file a set of state court record exhibits relevant to the response filed to the petition, in chronological order and indexed as discussed, *infra*.

It is further ordered that all state court record exhibits filed herein must be filed with a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment, in the same manner as in No. 3:06-cv-00087-ECR-VPC, ## 25-71. The purpose of this provision is so that the Court and any reviewing court thereafter will be able to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

It is further ordered that counsel additionally must send a hard copy of all exhibits filed, for this case, to the Reno Clerk's Office.

It is further ordered that petitioner will have thirty (30) days from service of the answer, motion to dismiss, or other response to mail a reply or response to the Clerk of Court for filing.

It is further ordered that all requests for relief must be presented by a motion satisfying the requirements of Rule 7(b) of the Federal Rules of Civil Procedure. The Court and the Clerk do not respond to letters and do not take action based upon letters, other than a request for a status check on a matter submitted for more than sixty days. Further, neither the Court nor the Clerk can provide legal advice or instruction.

DATED THIS 17th day of October 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE