UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES LALL,<br><br>                            Petitioner,<br>     v.<br>ISIDRO BACA, *et al.*,<br><br>                            Respondents. | Case No. 3:16-cv-00469-MMD-VPC<br><br>ORDER |

This *pro se* habeas petition pursuant to 28 U.S.C. § 2254 comes before the Court on Respondents' motion to dismiss (ECF No. 12). Petitioner has not opposed, and the time for doing so has expired.

**I.**    **Background**

Petitioner in this action challenges his state court conviction, pursuant to a jury trial, on multiple counts, including mayhem with use of a deadly weapon (Count 4), battery with use of a deadly weapon (Count 5), and battery with use of a deadly weapon resulting in substantial bodily harm (Count 6). (ECF No. 6; Ex. 30.)[1] Following entry of judgment, Petitioner filed a direct appeal. (Ex. 31.) The Nevada Supreme Court affirmed the conviction on May 7, 2010. (Ex. 34.)

On March 18, 2011, Petitioner filed a state post-conviction petition for writ of habeas corpus, which the district court denied. (Ex. 36, 37 & 42). On appeal, the Nevada Supreme Court reversed and remanded for appointment of counsel. (Ex. 44.) After

---

[1] The exhibits cited in this order, comprising the relevant state court record, are located at ECF No. 13.

1

appointed counsel filed a supplemental petition, the district court again denied relief. (Exs. 46 & 49.) On appeal, the Nevada Supreme Court again reversed, in part, and remanded, this time for an evidentiary hearing. (Ex. 53.) The district court conducted an evidentiary hearing and again ruled against Petitioner. (Exs. 55, 56 & 57.) On appeal, the Nevada Supreme Court affirmed. (Ex. 61.) Remittitur issued on the Nevada Supreme Court's opinion on May 20, 2016. (Ex. 62.)

On July 18, 2016, Petitioner filed the instant § 2254 petition. On March 13, 2017, Petitioner filed a first amended petition for habeas corpus. Respondents move to dismiss the petition in part as unexhausted and untimely.

**II. Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year period of limitations for federal habeas petitions filed by state prisoners. The one-year limitation period begins to run after the date on which the judgment challenged became final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual.[2] 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review" is pending. *Id.* § 2244(d)(2).

A claim in an amended petition that is filed after the expiration of the one-year limitation period will be timely only if the claim relates back to a timely filed claim pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, on the basis that the claim arises out of "the same conduct, transaction or occurrence" as the timely claim. *Mayle v. Felix*, 545 U.S. 644 (2005). In *Mayle*, the Supreme Court held that habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as prior timely claims merely because the claims all challenge the same trial, conviction or sentence. 545 U.S. at 655-64. Rather, under the construction of the rule approved in *Mayle*, Rule

---

[2]While the statute of limitations may also begin to run from other events, Petitioner does not claim, and it does not appear from the record, that any of the other events is applicable in this case.

2

15(c) permits relation back of habeas claims asserted in an amended petition "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." 545 U.S. at 657. In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims." A claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely. 545 U.S. at 659 & n.5.

Respondents argue that while Petitioner's original petition was timely, his amended petition was not. Between the time Petitioner's conviction became final[3] and the date he filed his state habeas petition, more than eight months elapsed. The limitations period was tolled during the pendency of the state habeas petition, which ended with the Nevada Supreme Court's issuance of remittitur on May 20, 2016. Petitioner's original petition, filed on July 18, 2016, was thus filed when roughly two months of the limitations period remained. The amended petition was not filed until March 2017, by which time the statute of limitations had long since expired. Thus, any new claims in the amended petition that do not relate back to the original petition are untimely.

Respondents contend only that Ground 6(B) is untimely.[4] In Ground 6(B), Petitioner asserts cumulative error of trial and appellate counsel. (ECF No. 6 at 16.) No such claim of cumulative error appeared in the original petition. Respondents assert, in conclusory fashion and without analysis, that Petitioner's cumulative error claim does not relate back to any of the claims in the original petition.

In his original petition, Petitioner asserts several claims of ineffective assistance of trial and appellate counsel. His cumulative error claim is based on those alleged

---

[3]Petitioner's conviction became final on August 5, 2010, the last date for filing a petition for writ of certiorari with the United States Supreme Court following the Nevada Supreme Court's decision on direct appeal.

[4]Ground 6(B) is not identified by Petitioner as such, but it is the second claim presented in Ground 6. The Court therefore adopts Respondents' reference to the second part of Ground 6 as Ground 6(B).

deficiencies. Petitioner's cumulative error claim is simply a new legal theory based on a common core of operative facts alleged in the original petition – *i.e.*, counsel's deficiencies. The cumulative error claim thus relates back to Petitioner's original petition. The motion to dismiss Ground 6(B) as untimely will therefore be denied.

### III. Consolidation of Claims

#### A. Grounds 1 and 7

Respondents argue that Ground 1 should be consolidated with Ground 7 and they overlap legally and factually.

Ground 1 asserts that Petitioner's rights to equal protection and effective assistance of counsel were violated because trial counsel failed to challenge Petitioner's convictions under Counts 3 to 8 as violations of double jeopardy. Ground 7 asserts that Petitioner's rights to equal protection, effective assistance of counsel and double jeopardy rights were violated because trial counsel failed to challenge his convictions for mayhem and battery with substantial bodily harm as repetitive and a violation of double jeopardy.[5]

Grounds 1 and 7 overlap in significant part. The Court therefore grants Respondents' motion to consolidate Ground 7 with Ground 1.

#### B. Grounds 4 and 6(A)

Respondents argue that Grounds 4 and 6(A) should be consolidated.

Ground 4 asserts a violation of Petitioner's right to effective assistance of counsel based on his counsel's failure to adequately investigate his case and prepare a defense before and during trial. Ground 4 further appears to assert a violation of Petitioner's Confrontation Clause rights because he was not allowed to cross examine some witnesses, whose recorded statements were simply played for the jury. Ground 4 also

---

[5]For the reasons discussed *infra*, the Court finds that Ground 7 challenges Count 4 (mayhem), Count 5 (battery with use of a deadly weapon) and Count 6 (battery with use of a deadly weapon causing substantial bodily harm) despite Petitioner's erroneous reference to one conviction for mayhem and two convictions for battery causing substantial bodily harm.

4

asserts that to the extent all evidence was not provided to the defense, his trial counsel was ineffective for failing to move the State to produce it. (ECF No. 6 at 9.)

In Ground 6(A), Petitioner asserts ineffective assistance of counsel based on counsel's failure to investigate witnesses whose testimony would have supported his defense. In particular, Petitioner argues that counsel should have tracked down the individuals who made phone calls to 9-1-1 and called them to testify, as their testimony would have helped his defense. (ECF No. 6 at 14-16.)

Grounds 4 and 6(A) overlap in significant part. In fact, Ground 6(A) is merely an expansion of the general failure-to-investigate claim alleged in Ground 4. The Court therefore grants Respondents' motion to consolidate Ground 6(A) with Ground 4.

**IV. Exhaustion**

Under 28 U.S.C. § 2254(b)(1)(A), a habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal courts. To satisfy this exhaustion requirement, the claim must have been fairly presented to the state courts completely through to the highest state court level of review available. *E.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Vang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003). In the state courts, the petitioner must refer to the specific federal constitutional guarantee and must also state the facts that entitle the petitioner to relief on the federal constitutional claim. *E.g., Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000). That is, fair presentation requires that the petitioner present the state courts with both the operative facts and the federal legal theory upon which the claim is based. *E.g., Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005). The exhaustion requirement insures that the state courts, as a matter of federal state comity, will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Respondents argue that the following grounds are unexhausted: (1) Grounds 1 and 7, in part; (2) Ground 2; (3) Ground 3; (4) Grounds 4 and 6(A), in part; and (5) Ground 6(B).

5

A. Grounds 1 & 7

Ground 1 asserts that Petitioner's rights to equal protection and effective assistance of counsel were violated because trial counsel failed to challenge Petitioner's convictions under Counts 3 to 8 as violations of double jeopardy. Ground 7 asserts that Petitioner's equal protection, effective assistance of counsel, and double jeopardy rights were violated because trial counsel failed to challenge his convictions for mayhem and battery with substantial bodily harm as repetitive and in violation of double jeopardy.

Of the claims in Grounds 1 and 7, Petitioner has fairly presented to the Nevada Supreme Court only the claims that (1) his convictions for mayhem, battery with a deadly weapon, and battery with a deadly weapon causing substantial bodily harm (Counts 4, 5 and 6) violated double jeopardy and (2) that trial counsel was ineffective for failing to move to dismiss one or more of those charges as redundant or in violation of double jeopardy. In particular, Petitioner has never fairly presented to the Nevada Supreme Court any equal protection claim or any claim of double jeopardy relating to Counts 3, 7 and 8.

The Court notes that while Petitioner's reference to two convictions for battery causing substantial bodily harm is in error as Petitioner received only one such conviction, it is clear that Petitioner, his counsel in state court, the state trial court, and the Nevada Supreme Court understood Petitioner's argument to pertain also to the conviction for battery *without* substantial bodily harm. The Court therefore both construes Ground 7 as challenging Count 5 and rejects Respondents' assertion that any claim as to Count 5 is unexhausted.

The Court further notes that the remainder of Grounds 1 and 7 were included in Petitioner's *pro se* state habeas petition, which the district court denied and which Petitioner appealed in its entirety. (*See* Ex. 37 at 6-12.)[6] However, the Nevada Supreme Court decided that appeal by reversing and remanding for appointment of counsel and did not at that time consider the merits of any of Petitioner's claims. Petitioner thereafter

---

[6]Citation is to CM/ECF generated page number at the top of the page.

6

failed to present these claims to the Nevada Supreme Court in his subsequent appeals, when the Nevada Supreme Court addressed the merits of Petitioner's claims. The Court finds that because Petitioner did not include these claims in his subsequent appeals, the claims were not "fully and fairly presented" to the Nevada Supreme Court.[7]

Accordingly, Grounds 1 and 7 are unexhausted to the extent they assert a claim of equal protection and to the extent they assert the substantive double jeopardy and ineffective assistance of counsel claims related to Counts 3, 7 and 8.

B. Ground 2

In Ground 2, Petitioner asserts that his Fourteenth Amendment due process rights were violated because the jury did not decide the deadly weapon enhancement and the court did not make the requisite findings to impose the enhancement, violating *Apprendi*. Petitioner also argues that, as a result, his sentence amounts to cruel and unusual punishment. Finally, Petitioner argues that appellate counsel and trial counsel failed to raise and argue these issues.

Petitioner did not raise any of the assertions in Ground 2 to the Nevada Supreme Court on direct appeal and did not fairly present it in his post-conviction appeal. As with Grounds 1 and 7, much of Ground 2 was included in Petitioner's *pro se* state habeas petition but was not argued in either of the Petitioner's appeals in which the Nevada Supreme Court addressed the merits of Petitioner's claims. (*See* Ex. 37 at 12-16.) For the reasons discussed *supra*, this was insufficient to exhaust the claims in Ground 2. Accordingly, Ground 2 is unexhausted.

---

[7]To the extent the *pro se* petition may have been included in the appendix to the subsequent, counseled appeals, such is insufficient to exhaust claims in Nevada. Nevada's appellate rules do not allow for incorporation by reference "for the arguments on the merits of the appeal." Nev. R. App. P. 28(e)(2). Because incorporation by reference is a procedurally incorrect manner in which to present issues to the Nevada Supreme Court, claims made in the post-conviction habeas petition are not exhausted by their inclusion in the appendix to the fast track statement on appeal. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (exhaustion cannot be achieved by a procedurally deficient or improper means).

7

## C. Ground 3

In Ground 3, Petitioner asserts trial counsel was ineffective for failing to file a pretrial petition to strike the case because the justice court did not properly bind Petitioner over and his information was not adequately plead. (ECF No. 6 at 7.) Petitioner did not raise this claim on direct appeal or fully and fairly present it to the Nevada Supreme Court. As with Grounds 1, 7 and 2, Ground 3 was included in Petitioner's *pro se* state habeas petition but was not argued in either of the Petitioner's appeals in which the Nevada Supreme Court addressed the merits of Petitioner's claims. (*See* Ex. 37 at 16-20.) For the reasons discussed *supra*, this was insufficient to exhaust the claims in Ground 3. Accordingly, Ground 3 is unexhausted.

## D. Grounds 4 & 6(A)

In Ground 4, Petitioner asserts that counsel was ineffective for failing to adequately investigate his case and prepare a defense before and during trial. Ground 4 also asserts a violation of Petitioner's Confrontation Clause rights because he was not allowed to cross examine some witnesses' whose recorded statements were played for the jury and ineffective assistance of counsel based on counsel's failure to move for the State to produce undisclosed evidence. (ECF No. 6 at 9.) In Ground 6(A), Petitioner asserts ineffective assistance of counsel based on counsel's failure to investigate witnesses whose testimony would have supported his defense. In particular, Petitioner argues that counsel should have tracked down the individuals who made phone calls to 9-1-1 and called them to testify, as their testimony would have helped his defense. (ECF No. 6 at 14-16.)

The part of Ground 4 asserting a violation of the Confrontation Clause and ineffective assistance of counsel based on counsel's failure to file a motion for production of evidence by the State has never been presented to the Nevada Supreme Court, on direct or post-conviction appeal. Petitioner's claim regarding counsel's failure to investigate or prepare, in particular by investigating the 9-1-1 callers, has however, been

exhausted. (*See* Exs. 51 & 59). Accordingly, Ground 4 is unexhausted in part, as set forth above.

### E. Ground 6(B)

As noted above, Ground 6(B) is as claim of cumulative trial and appellate counsel error. Because at least some ineffective assistance of counsel claims survive the motion to dismiss, the cumulative counsel error claim will proceed, and the motion to dismiss the claim as unexhausted will be denied.

## V. Options on Mixed Petition

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed petition" containing both exhausted and unexhausted claims is subject to dismissal. *Id.* Because Petitioner's petition is mixed, he has three options:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claims; and/or

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust the unexhausted claims.

## VI. Conclusion

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Respondents' motion to dismiss (ECF No. 12) is granted in part and denied in part as follows:

(1) Ground 6(B) is timely;

(2) Ground 7 will be consolidated with Ground 1;

(3) Ground 6(A) will be consolidated with Ground 4;

(4) Grounds 1 and 7 and Grounds 4 and 6(A) are unexhausted in part, as set forth above;

(5) Grounds 2 and 3 are unexhausted.

It is further ordered that Petitioner will have thirty (30) days from entry of this order within which to file either: (1) a motion to dismiss seeking partial dismissal only of the unexhausted claims; (2) a motion to dismiss the entire petition without prejudice in order to return to state court to dismiss the unexhausted claims; and/or (3) other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims. The entire petition will be dismissed without prejudice for lack of complete exhaustion if a motion as provided for herein is not timely mailed for filing.

DATED THIS 26th day of June 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE