UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JAMES LALL,

Petitioner,

v.

ISIDRO BACA, *et al.*,

Respondents.

Case No. 3:16-cv-00469-MMD-CBC

ORDER

On June 26, 2018, the Court entered an order granting in part and denying in part the Respondents' motion to dismiss. (ECF No. 14.) In particular, the Court found that the petition contains some unexhausted claims and is therefore mixed. As the Court may not entertain a mixed habeas petition, it directed Petitioner to elect how to proceed with his petition within thirty days of the date of the Court's order. Petitioner has failed to timely respond to the Court's order.

The Court will give Petitioner one more opportunity to elect how to proceed on his mixed petition. It is therefore ordered that, within fifteen days of the date of entry of this order, Petitioner must either:

1. File a motion to dismiss seeking partial dismissal of only the unexhausted claims;

2. File a motion to dismiss the entire petition without prejudice in order to return to state court to exhaust the unexhausted claims; and/or

///

///

3. File a motion for other appropriate relief, such as a motion for a stay and abeyance asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277.

If Petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court, and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless. Respondents would then be granted an opportunity to respond, and Petitioner to reply. Alternatively, Petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in the dismissal of his federal habeas petition. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

DATED THIS 6th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2